

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
(973) 645-6340

WILLIAM J. MARTINI
    JUDGE

## LETTER OPINION

April 18, 2011

Nathan Kittner
131 Main Street, Suite 245
Hackensack, NJ 07601
    (*Attorney for Plaintiff*)

Douglas Harry Amster
LeClairRyan
One Riverfront Plaza
1037 Raymond Boulevard, 16th Floor
Newark, NJ 07102
    (*Attorney for Defendant*)

    **RE:    Rosen v. Continental Airlines, Inc. Civ. No. 10-5859 (WJM)**

Dear Counsel:

    This matter comes before the Court on the motion to dismiss filed by Defendant Continental Airlines, Inc. There was no oral argument. Fed. R. Civ. P. 78. For the reasons set forth below, and because the Court finds that it lacks subject matter jurisdiction, this action is **REMANDED** to the Superior Court of New Jersey, Law Division Essex County.

**I.    BACKGROUND**

    Plaintiff's claims arise out of his inability to purchase a headset or any alcoholic beverages while on a Continental Airlines, Inc. ("Continental") flight on January 6, 2010 from Honolulu, Hawaii to Newark, New Jersey. (Compl. ¶¶ 11-13.) Plaintiff first tried to

use a headset he had recently purchased on a previous Continental flight, that he had been told he could use on future Continental flights, but found that the headset jack was incompatible. (Compl. ¶¶ 4-8.) Plaintiff then tried to purchase a new headset for $3.00, followed by an alcoholic beverage for $5.00, using cash. (Compl. ¶¶ 11-12.) He was told that Continental has a "no cash policy" on its airplanes, and that he could not make any purchases unless he had a credit or debit card in his possession. (Compl. ¶¶ 11-13.) Since Plaintiff did not have a credit or debit card on him, he was unable to make any purchases while on board his flight. (Compl. ¶ 11.)

After returning to New Jersey, Plaintiff sent a complaint letter to Defendant, on or about February 2, 2010. (Compl. ¶ 14.) Correspondence between the parties followed in March and April, but no agreement was reached. Plaintiff then commenced this action in the Superior Court of New Jersey, Essex County vicinage, on October 4, 2010. In response, Defendants filed a notice of removal on November 11, 2010, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446(b). Defendant subsequently filed the instant motion to dismiss on December 17, 2010.

## II.   DISCUSSION

Plaintiff's four-count complaint asserts the following causes of action: (1) breach of contract through false advertising and failure to accept lawful tender; (2) violation of the New Jersey Consumer Fraud Act ("NJCFA"); (3) unlawful discrimination against low-income individuals who do not physically possess a debit or credit card; and (4) infliction of mental anguish and emotional distress. He is requesting compensatory damages, enhanced damages, punitive damages, and damages for mental anguish and emotional distress.

Before addressing the merits of Defendant's motion to dismiss, the Court raises, *sua sponte*, the threshold question of whether the Court has subject matter jurisdiction over this matter. *See* Fed. R. Civ. P. 12(h)(3). Federal courts are courts of limited jurisdiction. U.S. Const. art. III, § 2, cl. 1. Defendant removed this case to federal court under 28 U.S.C. § 1441, which permits removal only of actions over which "the district courts of the United States have original jurisdiction...." *Id.* § 1441(a); *see also id.* § 1441(b). Defendant asserts that original jurisdiction in this case is based on federal question jurisdiction under 28 U.S.C. § 1331, which gives federal district courts jurisdiction over suits "arising under the Constitution, laws, or treaties of the United States." Defendant claims that this case "arises under" federal law for the following reasons: (1) Plaintiff's claims are preempted by the 1978 Airline Deregulation Act, 49 U.S.C. § 41713(b)(1); (2) Plaintiff's claims concerning Continental's refusal to accept cash for goods while in-flight directly relate to the Federal Coinage Act of 1965,

specifically 31 U.S.C. § 5103; and (3) Plaintiff's claims relate to the Federal Aviation Act of 1958, 49 U.S.C. § 40101, et. seq., which implicitly preempts state law standards governing flight operations.

    A.    <u>Standard for Removal Under Section 1441</u>

As stated above, Defendant removed this case to federal court on the basis of federal question jurisdiction. *See* 28 U.S.C. §§ 1331, 1441(a). Hence, the Court must determine whether this case "arises under" federal law in order to determine whether federal question jurisdiction is supported. "The 'well-pleaded complaint rule' is the basic principle marking the boundaries of the federal question jurisdiction of the federal district courts." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 62 (1987). Under the well-pleaded complaint rule, a case may be removed to federal court based on federal question jurisdiction if a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Franchise Tax Bd. of the State of Cal. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 9-12 (1983); *accord In re U.S. Healthcare, Inc.*, 193 F.3d 151, 160 (3d Cir. 1999); *Joyce v. RJR Nabisco Holdings Corp.*, 126 F.3d 166, 171 (3d Cir. 1997); *Dukes v. U.S. Healthcare*, 57 F.3d 350, 353 (3d Cir. 1995). Where a defendant has removed a case based on original jurisdiction under 28 U.S.C. § 1331 and there is no federal question presented on the face of the plaintiff's complaint, unless an exception to the well-pleaded complaint rule applies, the case must be remanded for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.")

    B.    <u>Plaintiff's Complaint Asserts Only State Claims on its Face</u>

As stated above, under the "well-pleaded complaint" rule, removal is only appropriate if a federal question appears on the face of the complaint. If the complaint instead only alleges state law claims, the fact that issues of federal law are involved will not create federal question jurisdiction. Here, Plaintiff's breach of contract claim, NJCFA claim, and infliction of emotional distress claim are all clearly state law claims. The only claim that potentially may be federal is his claim of unlawful discrimination.

42 U.S.C. § 1981 provides a federal cause of action for unlawful, nongovernmental discrimination. However, nowhere in the complaint does Plaintiff refer to this statute, and New Jersey also provides a state cause of action for unlawful, nongovernmental discrimination. *See* N.J. Stat. 10:5-12. Additionally, Section 1981 is expressly limited to claims of discrimination based on race or national origin only. *See Anjelino v. New York Times Co.*, 200 F.3d 73, 98 (3d Cir. 1999) ("the statute, on its face,

is limited to issues of racial discrimination in the making and enforcing of contracts"). Therefore, regardless of whether Plaintiff was attempting to make a federal or state claim of unlawful discrimination, he certainly has not alleged the elements necessary for a federal claim under 42 U.S.C. § 1981. On the face of his complaint, Plaintiff has not stated a federal cause of action providing the Court with federal question jurisdiction under 28 U.S.C. § 1331. As such, unless an exception applies, the Court must remand the case for lack of subject matter jurisdiction.

      C.      <u>Preemption of Plaintiff's Claims under the ADA and/or FAA Does Not Provide a Basis for Federal Jurisdiction</u>

Defendant argues that even if Plaintiff's complaint does not state a claim "arising under" federal law, since the claims implicate the Airline Deregulation Act's ("ADA") preemption provision, 49 U.S.C. § 41713(b), as well as the Federal Aviation Act ("FAA") generally, 49 U.S.C. § 40101, et. seq., federal question jurisdiction is still warranted. Under the ADA, any state claims "related to a price, route, or service of an air carrier" are preempted. 49 U.S.C. § 41713(b). Defendant argues that Plaintiff's state law claims are preempted under this provision, and that consequently the complete preemption doctrine warrants subject matter jurisdiction under 28 U.S.C. § 1331.

Generally, a defense implicating federal law is not sufficient to create federal question jurisdiction under 28 U.S.C. § 1331. *See Carrington v. RCA Global Communications, Inc.*, 762 F. Supp. 632, 636 (D.N.J. 1991) ("the fact that issues of federal law may be involved, as in the nature of a defense, will not suffice to create federal question jurisdiction"). However, the complete preemption doctrine provides a narrow exception to the "well-pleaded" complaint rule. The Supreme Court has held that "Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987) (holding removal proper because ERISA completely preempts state law tort and contract claims arising from termination of disability benefits under ERISA plan). Under the complete preemption doctrine, "certain federal statutes are construed to have such 'extraordinary' preemptive force" that they not only preempt but completely transform state law claims into federal claims, allowing those claims to support federal jurisdiction under 28 U.S.C. § 1331. *Sullivan v. Am. Airlines, Inc.*, 424 F.3d 267, 272 (2d Cir. N.Y. 2005).

The complete preemption doctrine is distinct from the general defense of preemption. The Supreme Court has specifically stated that just because a defendant may raise the defense of ordinary preemption does not mean federal jurisdiction follows. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("It is now settled law that a case

may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue."). While many statutes provide a valid preemption defense, very few support complete preemption such that all claims in that area of law are automatically classified as federal claims. *Sullivan*, 424 F.3d at 272-73. In fact, the Supreme Court has only found three statutes to have the requisite extraordinary preemptive force to support complete preemption: (1) § 301 of the Labor-Management Relations Act (LMRA), 29 U.S.C. § 185, *see Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 558-62 (1968); (2) § 502(a) of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132(a), *see Metro. Life*, 481 U.S. at 65-66; and (3) §§ 85 and 86 of the National Bank Act, 12 U.S.C. §§ 85-86, *see Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 7-11 (2003). Moore's Federal Practice provides a well-explained overview of the complete preemption doctrine and how it should be applied. *See* Moore's Federal Practice, Civil § 103.45. Under complete preemption, as opposed to ordinary preemption, "it is not just that a preemption defense is *present*, but that it is *so pervasive* that the claim must be deemed completely federal from its inception." Moore's, § 103.45 (emphasis added). To act as a basis for federal question jurisdiction, the preemption defense must completely overpower the claims themselves. As Moore's further explains,

> [i]f a state court defendant cites federal preemption for purposes of avoidance of the state claim, the federal issue appears solely as a defense and, therefore, does not authorize federal question jurisdiction because of the well-pleaded complaint rule. On the other hand, if a state court defendant, attempting to remove the case to federal court, correctly cites federal preemption solely to recharacterize plaintiff's claim as federal in nature, the federal issue is not a defense, but rather actually provides the basis of the plaintiff's cause of action.

Moore's, § 103.45.

Courts have sometimes had difficulty distinguishing between the doctrines of "complete" preemption, which provides for federal question jurisdiction, and "field" or "conflict" preemption, which only provide defendants with a defense against the state law claims. To simplify the distinction, some courts, including courts in this district, have focused on whether or not a federal cause of action exists as the deciding factor. *See, e.g., Collins v. Baxter Healthcare Corp.*, 949 F. Supp. 1143, 1148-1152 (D. N.J. 1996) (Medical Device Amendments (MDA) to Food, Drug and Cosmetic Act did not completely preempt nurses' negligence and products liability suit against manufacturer of latex products since statute did not provide cause of action for private litigants).

Specifically, the Third Circuit has held that complete preemption creates federal question jurisdiction only where: (1) "the statute relied upon by the defendant as preemptive contains civil enforcement provisions within the scope of which the plaintiff's state claim falls," and (2) there is "a clear indication of a Congressional intention to permit removal despite the plaintiff's exclusive reliance on state law." *Goepel v. National Postal Mail Handlers Union*, 36 F.3d 306, 311 (3d Cir. 1994) (internal quotations and citations omitted).

Here, while Defendant's ordinary preemption defense may be viable, neither the ADA nor the FAA completely preempts Plaintiff's state law claims to the point where they become federal claims. First and foremost, neither statute provides for a federal cause of action for private litigants. *See Goonewardena v. AMR Corp.*, Civ. No. 08-4141, 2008 U.S. Dist. LEXIS 96013 (E.D.N.Y. Nov. 22, 2008) ("[i]t is impossible for Defendants to so establish [complete preemption], however, because neither the FAA nor the ADA provides a private right of action"); *see also Air Transp. Ass'n of Am., Inc. v. Cuomo*, 520 F.3d 218, 221 (2d Cir. 2008) (finding § 41713(b)(1) does not provide a private right of action); *Bonano v. E. Caribbean Airline Corp.*, 365 F.3d 81, 86 (1st Cir. 2004) ("[i]t is abundantly clear that Congress, in crafting the [FAA], intended public, not private enforcement"). Instead, the ADA provides a classic "field" preemption defense: a defendant can use the ADA to have any state law claims that are "related to a price, route, or service of an air carrier" dismissed entirely. 49 U.S.C. § 41713(b)(1). While Defendant is free to use preemption under the ADA as a defense in state court, the statute does not provide this Court with subject matter jurisdiction. *See, e.g., Seagate Logistics, Inc. v. Angel Kiss, Inc.*, 699 F. Supp. 2d 499, 504 (E.D.N.Y. 2010) ("Neither Congress nor the Supreme Court has declared that the ADA completely preempts state law claims for jurisdictional purposes, and courts in [the Second] [C]ircuit have categorically rejected such an argument."); *Singh v. North American Airlines*, 426 F. Supp. 2d 38, 41 (E.D.N.Y. 2006) ("Since the ADA does not provide 'complete preemption,' it fails to provide this Court with subject matter jurisdiction over those claims even if the ADA did preempt them.").

Therefore, the Court finds that Defendant's preemption defense does not support subject matter jurisdiction, as neither the ADA nor the FAA provides complete preemption of state law claims.

### D. The Coinage Act Does Not Provide a Basis for Federal Jurisdiction

Defendant additionally argues that the Federal Coinage Act of 1965, 31 U.S.C. § 5103, is implicated by Plaintiff's breach of contract claims and supports subject matter jurisdiction under 28 U.S.C. § 1331. Plaintiff claims that Defendant's refusal to accept

lawful tender for goods on board the airplane amounted to a breach of contract. Defendant argues that since this claim depends on the definition of lawful tender, defined in 31 U.S.C. § 5103, federal question jurisdiction follows.

Plaintiff's Opposition Brief does cite to 31 U.S.C. §5103, alleging that Continental's cashless policy "may be considered a breach of contract and an illegal and/or unconscionable commercial practice in violation of the New Jersey Consumer Fraud Statute, Uniform Commercial Code, and 31 U.S.C. Section 5103." (Pl.'s Opp. Br. at 13.)  However, Plaintiff is not stating a claim under the Federal Coinage Act, but instead using the definition of legal tender in the Federal Coinage Act as a basis for a breach of contract claim or unconscionable commercial practice claim.  As stated above, federal question jurisdiction only exists where the cause of action "arises under" federal law. *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986).  In contrast, 31 U.S.C. §5103 provides nothing more than a definition of legal tender, and does not create a cause of action. *See Bell v. JP Morgan Chase Bank*, Civ. No. 06-11550, 2006 U.S. Dist. LEXIS 94946, *10 ( E.D. Mich. Nov. 30, 2006) (finding that 31 U.S.C. §5103 is definitional and does not establish federal jurisdiction).  As such, the Federal Coinage Act also fails to provide the Court with federal jurisdiction pursuant to 28 U.S.C. § 1331.

**IV.   CONCLUSION**

For the foregoing reasons, the action is **REMANDED** to the Superior Court of New Jersey, Law Division Essex County.  An Order follows this Letter Opinion.

                                          s/ William J. Martini
                                          **WILLIAM J. MARTINI, U.S.D.J.**